(134 App. Div. 374.)

## In re SAMMON.

(Supreme Court, Appellate Division, First Department. October 23, 1909.)

ELECTIONS (§ 147*)—BALLOTS—SAME PERSON CANDIDATE OF TWO OR MORE PARTIES—FILLING VACANCIES.

Election Law (Consol. Laws, c. 17 [Laws 1909, c. 22]) § 136, providing that if no nomination is originally made by a political party or independent body, or if a vacancy exists, it shall not be lawful for the committee of such party or independent body authorized to make nominations or to fill vacancies to nominate or substitute the name of a candidate of another party or independent body for such office, it being the intention that, when a candidate of one party is placed on the ticket of another party or independent body, such nomination shall be made at the time and in the manner provided for making original nominations, is intended to prevent the committee authorized to fill vacancies from nominating a candidate already nominated on the ticket of another party or independent body, and thus presumably defeat the intention of the convention or nominators who named the committee, and does not apply where a person nominated by more than one convention or independent body declines such nominations; and in such event the committee to fill vacancies can respectively fill the vacancy on the ticket over which it has jurisdiction, though the same person is also selected by the committee of the other party or independent body.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 122; Dec. Dig. § 147.*]

Appeal from Special Term, New York County.

Application to the Special Term to compel the Board of Elections of New York City to place the name of John J. Sammon on the official ballot under the emblem of the Goddess of Justice and the name of Civic Alliance, to be voted for at the next ensuing election as Judge of the Municipal Court in the Third District, Borough of Manhattan. From an order denying the application, applicant appeals. Reversed, and application granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

W. L. Rathborne, for appellant.

Terence Farley, for respondent.

PER CURIAM. It appears that one George W. Collins was nominated by the regular Republican organization and by independent nominators adopting the name and emblem of the Civic Alliance for judge of the Municipal Court in the Third district. Within the time allowed by statute Collins filed an instrument with the board of elections, which that board received, and which we consider to have been a sufficient declination of both nominations. Subsequently, and at the same mo-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment, there were filed with the board of elections nominations of John J. Sammon by the committee properly appointed by the Republican organization to fill vacancies and by the committee properly appointed by the Civic Alliance to fill vacancies. The board of elections refused to place Sammon's name in both columns, resting their refusal upon section 136 of the election law (chapter 17, Consolidated Laws, being chapter 22 of the Laws of 1909). That section, so far as material to the questions under consideration, provides as follows:

"When no nomination shall have been originally made by a political party or by an independent body for an office, or when a vacancy shall exist, it shall not be lawful for any committee of such party or independent body authorized to make nominations or to fill vacancies, to nominate or substitute the name of a candidate of another party or independent body for such office; it being the intention of this chapter that when a candidate of one party is nominated and placed on the ticket of another party or independent body, such nomination must be made at the time and in the manner provided for making original nominations by such party or independent body."

We do not think that the situation shown to exist in this case is within the prohibition contained in the provisions of section 136, above quoted. What was the expressed intention of that provision was to prevent the committee designated to fill vacancies from nominating to fill such a vancancy a candidate already nominated and on the ticket in the column of another party or independent body, and thus presumably defeat the intention of the convention or nominators who named the committee to fill vacancies. · But where one person has been nominated by more than one convention, or by more than one independent body, and that candidate retires, the committee authorized to fill vacancies can respectively fill this vacancy on the ticket over which it has jurisdiction, although the same person is also selected by the committee of the other party or independent body.

We think, therefore, that the nomination of Sammon to fill the vacancy in both columns was valid, and that the board of elections should recognize it as a valid nomination for the office in both columns.

· The order appealed from is therefore reversed, and the motion granted.